**Seyfarth Shaw LLP**

620 Eighth Avenue

New York, New York  10018

**T** (212) 218-5500

**F** (212) 218-5526

gusenheimer@seyfarth.com

T (212) 218-3507

www.seyfarth.com

June 22, 2026

**VIA ECF**

The Honorable Andrew L. Carter, Jr.
U.S. District Court Southern District of New York
40 Foley Square, Courtroom 444
New York, NY 10007

**Re:     Shepard v. MTA et al., Case No. 1:26-cv-03102-ALC-KHP**
         **Request for Pre-Motion Conference Regarding Motion to Dismiss**

Dear Judge Carter:

We represent Metropolitan Transportation Authority ("MTA")[1], New York City Transit Authority ("NYCTA"), Baimusa Kamara ("Kamara"), and Rasheeda Baksh ("Baksh") (collectively, "Defendants," and Kamara and Baksh, the "Individual Defendants") in the above-referenced action. We respectfully request a pre-motion conference to address the Defendants' anticipated motion to dismiss.

This action arises from NYCTA's discipline of Plaintiff, a subway conductor, after he physically assaulted a member of the public while on duty. Plaintiff alleges that Defendants fraudulently induced him to resolve his disciplinary proceedings via a settlement agreement (the "Release") by presenting incomplete or misleading video evidence and by falsely stating that no additional video of the incident existed. *See* Cmpl. ¶¶ 21–31, 33. The Complaint fails to state a claim and should be dismissed in its entirety.

## I.      The Release Compels Dismissal of Plaintiff's Claims.

All of Plaintiff's claims (Counts I – VII) are barred by the Release. The Release waives "any and all claims" which pre-date its execution, including claims arising out of Plaintiff's disciplinary proceedings. The Release, which is properly considered on a motion to dismiss, is enforceable by its terms, absent fraud, duress, overreaching, illegality, or mutual mistake. *See Hirsch v. Complex Media, Inc.*, 2018 U.S. Dist. LEXIS 209701, at *6-7 (S.D.N.Y. Dec. 10, 2018); *Centro Empresarial Empresa S.A. v. América Móvil*, S.A.B. de C.V., 17 N.Y.3d 269, 276. As is discussed below, the Complaint fails to state a claim for fraud and the Plaintiff does not identify any other basis for rescission. Moreover, having accepted the benefits of the Release (*i.e.*, reinstatement with a final warning), Plaintiff cannot now seek recission. *Centro Empresarial*, 17 N.Y.3d at 276.

---

[1] The claims against the MTA are properly dismissed because it is not Plaintiff's employer and therefore an improper defendant.

326661089v.2

The Honorable Andrew L. Carter, Jr.
June 22, 2026
Page 2

**II.      Video Footage Conclusively Refutes Plaintiff's Claims**.

All of Plaintiff's claims (Counts I – VII) hinge on the theory that the allegedly "missing" video footage (the "Video") exonerates Plaintiff by contradicting NYCTA's version of events. The Video, which is properly considered on a motion to dismiss, unambiguously shows Plaintiff crossing a subway platform to initiate physical contact with a member of the public. *See Hirsch*, 2018 U.S. Dist. LEXIS 209701, at \*6. Accordingly, the Video undermines the core factual premise on which each of Plaintiff's claims rest. Defendants are entitled to dismissal of the Complaint in its entirety on this basis, as well.

**III.      Plaintiff's Claims Fail For Additional Reasons.**[2]

In addition to the foregoing grounds for dismissal, several independent bases warrant dismissal of Plaintiff's claims, as set forth below.

### a.  Plaintiff Cannot Establish Fraud (Counts I-III).

Plaintiff's fraud-based claims fail because the Complaint does not plead falsity or knowledge with the required particularity under FRCP Rule 9(b). *See e.g., Goodman v. Bouzy*, No. 21-CV-10878, 2023 U.S. Dist. LEXIS 79392, at \*22-24 (S.D.N.Y. May 8, 2023). Plaintiff's claims for Fraudulent Inducement (Count I), Fraudulent Concealment (Count II), and Rescission Based on Fraud (Count III) each require, in relevant part, a misrepresentation or material omission of fact that was false, which was known to be false by the defendant at the time the statement was made, and was made for the purpose of inducing reliance. *Baril v. JPMorgan Chase Bank*, N.A., 2014 U.S. Dist. LEXIS 165370 (S.D.N.Y. Nov. 25, 2014).

The Complaint identifies only a single alleged misrepresentation, purportedly uttered by Defendant Kamara, that NYCTA had no additional video footage to provide to Plaintiff. *See* Cmpl. ¶ 26. Fatal to Plaintiff's claims, the Complaint asserts no facts to show that Kamara knew this alleged statement was false at the time it was made or that it was made for the purpose of inducing Plaintiff's reliance. *Petedge, Inc. v. Garg*, 234 F. Supp. 3d 477 (S.D.N.Y. 2017) (finding conclusory allegation that defendant "knew or should have known" statement was false insufficient). *See also Enterprise v. Shvo*, 2026 NY Slip Op 31129(U) (Sup. Ct. N.Y. Cnty. 2026) (dismissing plaintiff's rescission based on fraud claim where plaintiff failed to demonstrate fraud).

### b.  Plaintiff Cannot Establish Negligent Misrepresentation (Count VI).

A claim for Negligent Misrepresentation (Count VI) is subject to the same heightened pleading standard as Plaintiff's fraud-based claims under FRCP Rule 9(b) and requires, among other things, the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff. *See Jia Wang Lin v. Canada Goose US, Inc.*, 640 F. Supp. 3d 349 (S.D.N.Y. 2022); *J.A.O. Acquisition Corp. v. Stavitsky*, 8 N.Y.3d 144, 148 (2007). The Complaint is devoid of any facts establishing the special or privity-like relationship required to impose such a duty. The employer-employee relationship does not constitute such a relationship, particularly in an arm's-length, adversarial context like a disciplinary proceeding. *Dale v. L'Oreal USA, Inc.*, No. 22 CV 00427, 2023 U.S. Dist. LEXIS 102693 (E.D.N.Y. June 13, 2023).

---

[2] We provide a non-exhaustive list of grounds on which Plaintiff's claims are appropriately dismissed.

### c.  Plaintiff's Unjust Enrichment Claim (Count IV) is Barred By the Release.

Plaintiff's Unjust Enrichment claim (Count IV) alleges that Defendants unjustly retained the benefits of the Release, which Plaintiff was fraudulently induced to enter. Cmpl. ¶ 58. This quasi-contract claim is barred because the parties' Release governs the same subject matter. A "cause of action for unjust enrichment cannot be maintained where there is a written agreement governing the subject matter at issue." *Enterprise v. Shvo*, 2026 NY Slip Op 31129(U), 9 (Sup. Ct. N.Y. Cnty. 2026) (internal citations and quotations omitted).[3]

### d.  Plaintiff's Implied Covenant Claim (Count V) Fails as a Matter of Law.

Plaintiff's Implied Covenant of Good Faith and Fair Dealing claim is premised on the allegation that Defendants fraudulently "induced" him into entering the Release, this claim is duplicative of his fraudulent inducement claim and, therefore, fails for the same reasons as that claim. *See* Cmpl. ¶ 62; *Polaris Venture Partners VI L.P. v. AD Venture Capital Partners L.P.*, 179 A.D.3d 548 (1st Dep't 2020).[4]

### e.  Plaintiff's § 1983 Claims (Count VII) Fail Against the Individual Defendants as a Matter of Law.

To state a claim for individual liability under § 1983, Plaintiff must assert sufficient personal involvement of each Individual Defendant in the alleged constitutional deprivation. *Robie v. Obst*, No. 14-CV-57S, 2015 U.S. Dist. LEXIS 89991, at *17 (W.D.N.Y. July 9, 2015) (internal citations omitted). Plaintiff has not and cannot plausibly allege that Kamara or Baksh was personally involved in any constitutional deprivation. Plaintiff acknowledges he had an opportunity to pursue arbitration on appeal following his disciplinary proceeding—which itself afforded him an opportunity to be heard. Cmpl. ¶ 32. Plaintiff *chose* to waive that right and identifies no conduct by Kamara or Baksh that deprived him of it. Nor can Plaintiff show that either Kamara or Baksh undermined the proceeding's fundamental fairness—without which, no constitutional violation lies. *Id.* at *17. As explained in Section II above, Video evidence conclusively establishes that Plaintiff violated the NYCTA policy for which he was disciplined, foreclosing any claim that the outcome of his disciplinary proceeding was tainted by their alleged conduct. *Id.* at *16-18.

---

[3] Plaintiff's unjust enrichment claim is also premised on the same facts as his fraudulent inducement claim and is, therefore, duplicative and fails for the same reasons as that claim. *See* Cmpl. ¶ 62.

[4] Further, Plaintiff cannot demonstrate a breach of any alleged contractual duty, as required. *Hadami, S.A. v Xerox Corp.*, 272 F. Supp. 3d 587, 598 (S.D.N.Y. 2017). The only breach he identifies is the "presentation of false and misleading evidence" at the disciplinary hearing. Cmpl. ¶ 62. As is discussed above, the Video was not false or misleading, necessitating dismissal of this claim.

Very truly yours,

SEYFARTH SHAW LLP

*/s/ Gena Usenheimer*

Gena Usenheimer

326661089v.2

**CERTIFICATE OF SERVICE**

I, Gena B. Usenheimer, hereby certify that on June 22, 2026, I electronically filed the foregoing **REQUEST FOR PRE-MOTION CONFERENCE REGARDING MOTION TO DISMISS**, with the Clerk of the Court via the Court's CM/ECF system, and a courtesy copy by email, to the following counsel of record for Plaintiff:

Jimmy Wagner
Law Office of Jimmy Wagner
2055 Flatbush Avenue
Brooklyn, New York 11234
*Attorneys for Plaintiff*

/s/ *Gena B. Usenheimer*
Gena B. Usenheimer