# JIMMY WAGNER
## ATTORNEY-AT-LAW

June 25, 2026

**VIA ECF & EMAIL**
Hon. Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   ***Shepard v. MTA et al.*, No. 1:26-cv-03102-ALC-KHP**

Dear Judge Carter:

I represent Plaintiff Eric Shepard ("Plaintiff") in the above-referenced case. Plaintiff respectfully submits this response to Defendants' June 22, 2026 pre-motion letter (Dkt. No. 10) and opposes Defendants' anticipated motion to dismiss. First, Plaintiff has never at any time assaulted any member of the public. Plaintiff was the victim of assault by a repeat offender at the train station where he worked. The assailant was indicted for assault on a train conductor; and after being released, he assaulted a passenger and broke the passenger's hip.

Defendants' letter does not test the sufficiency of the pleading; it asks the Court to resolve the merits based on two pieces of disputed extrinsic evidence, a settlement "Release" and a surveillance video. Neither can carry a motion under Federal Rule of Civil Procedure (hereinafter "Rule") 12(b)(6). To the extent the Court concludes that any individual claim would benefit from additional detail, Plaintiff respectfully requests leave to amend rather than full motion practice.

I.   **The Motion Improperly Asks the Court to Decide Disputed Facts at the Pleading Stage.**

**The Video.** Defendants assert that the video "conclusively refutes" the Complaint. A motion to dismiss is not the vehicle for that argument. In order to be considered on a motion to dismiss as integral extrinsic evidence, there cannot be any dispute as to its authenticity, accuracy, or relevance. *DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010); *see also Gersbacher v. City of New York*, 134 F. Supp. 3d 711, 719 (S.D.N.Y. 2015) (refusing to consider video footage on a motion to dismiss because "Defendants offer no guarantee that the video for which they advocate for is an accurate, unedited, and complete depiction of the events at issue"). The Court accepts the Complaint's well-pleaded allegations as true and may not resolve factual questions against a plaintiff using video evidence that contradicts plaintiff's allegations. *Cf.*



*Gonzalez v. City of New York*, No. 14 CIV. 7721 LGS, 2015 WL 6873451, at *5 (S.D.N.Y. Nov. 9, 2015) ("The fact that evidence is inconsistent with a complaint's allegation is not a reason to consider it on a motion to dismiss.").

More fundamentally, Defendants misstate Plaintiff's theory. Plaintiff does not claim the parties merely read the same footage differently. He alleges that Defendants showed him the Video missing sixty-three seconds of footage, the on-screen timer jumping from 00:09:26 to 00:10:29 during the critical escalation and represented that no further footage existed, while in fact Defendants possessed the complete recording. Compl. ¶¶ 25–28. Defendants' present reliance on the "complete" version of the Video confirms the very fact at the heart of the fraud claims: they had it all along. What the complete footage ultimately shows is a question for a factfinder after discovery, not a basis to dismiss.

**The Release.** The Release does not bar the claims because the Complaint alleges the Release itself was procured by fraud. A release is unenforceable to the extent it was induced by a fraud the releasor could not have discovered, which is precisely what the authority cited by Defendants states. *See Centro Empresarial Cempresa S.A. v. América Móvil, S.A.B. de C.V.*, 17 N.Y.3d 269, 276 (2011). Plaintiff did not discover the omitted footage until obtaining the complete recording through a FOIL request on or about July 28, 2025, after he signed the Release on June 4, 2025. Compl. ¶¶ 33, 39. Whether Plaintiff knowingly ratified a fraud he had not yet discovered is a factual question improper for a Rule 12(b)(6) motion.

## II.    The Fraud-Based Claims (Counts I–III) Are Pleaded with Rule 9(b) Particularity.

The Complaint identifies the speaker (Kamara), the statement ("That's all the footage we have, and there's nothing more that can be done"), the audience (Plaintiff and his union representative), and the setting (the disciplinary proceeding). Compl. ¶ 26. That is the "who, what, when, where" Rule 9(b) requires. Defendants' core argument, that no facts show the statement was false or known to be false, ignores the allegation that Defendants possessed the complete footage at all times. Compl. ¶¶ 22, 27–28, 49. Possession of the full video establishes both falsity and knowledge; this is not the bare "knew or should have known" pleading rejected in *PetEdge, Inc. v. Garg*, 234 F. Supp. 3d 477 (S.D.N.Y. 2017). Rule 9(b) permits intent to be alleged generally, and the standard is further relaxed where the relevant facts are peculiarly within the defendant's knowledge, as the existence of the withheld footage was here. *See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 180 (2d Cir. 2015). Reliance is equally well pleaded: Plaintiff's representative asked directly about the missing footage, was told none existed, and Plaintiff signed in reliance on that answer. Compl. ¶¶ 26, 51.

## III.    The Section 1983 Claim (Count VII) Adequately Pleads Personal Involvement and a Due Process Violation.

Plaintiff alleges that Kamara and Baksh personally presented and defended the incomplete video record and used it to induce Plaintiff to abandon further review with Kamara making the

false statement directly. Compl. ¶¶ 24–26, 46. That is personal involvement. The knowing presentation of fabricated or materially incomplete evidence to deprive an employee of a fair proceeding states a procedural due process claim. *Cf. Zahrey v. Coffey*, 221 F.3d 342, 349 (2d Cir. 2000) ("[T]he right [not to be deprived of liberty without due process of law] need not be identified at such a level of particularity as to focus only on fabrication of evidence by a prosecutor acting in an investigating capacity."); *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997) ("Like a prosecutor's knowing use of false evidence to obtain a tainted conviction, a police officer's fabrication and forwarding to prosecutors of known false evidence works an unacceptable "corruption of the truth-seeking function of the trial process.").

Defendants' argument that Plaintiff "chose to waive" arbitration misses the point: a waiver induced by falsified evidence is not the knowing, voluntary, and intelligent waiver due process requires. Compl. ¶¶ 77–78. Because the Complaint alleges the conduct was undertaken pursuant to Defendants' authority within the disciplinary framework, not as a random, unauthorized act, the adequacy of any post-deprivation remedy cannot serve as a bar at this stage of the proceeding. *See* Compl. ¶ 80.

### IV.    The Remaining Claims Survive or Are Readily Cured by Amendment.

**Unjust Enrichment (Count IV).** Because Defendants dispute that the Release is valid, Plaintiff is entitled to plead unjust enrichment in the alternative under Rule 8(d)(2)–(3). If the Release is voided for fraud, no enforceable agreement governs the subject matter and the quasi-contract claim stands. The bar Defendants invoke applies only where a valid contract concededly controls.

**Implied Covenant (Count V) and Negligent Misrepresentation (Count VI).** Plaintiff submits these claims are adequately pleaded, the duty to answer truthfully arose from Defendants' peculiar knowledge of the withheld footage and their affirmative undertaking to respond to a direct inquiry. To the extent the Court views the implied-covenant claim as duplicative of the fraud claims or finds that the negligent misrepresentation claim requires more developed allegations of special relationship, Plaintiff will streamline or amend accordingly rather than burden the Court with motion practice on these points.

**MTA as a Party.** Defendants' footnote that the MTA is not a proper party is premature. The Complaint alleges the MTA's participation in the disciplinary process and settlement and that the Step II determination relied on "the evidence provided by the Authority." Compl. ¶¶ 21, 29. Any dispute over each Defendant's precise role is for a fuller record or, if the Court prefers, clarification by amendment.

For these reasons, Plaintiff respectfully requests that the Court decline to authorize the motion and permit the case to proceed to discovery. In the alternative, and consistent with the Court's Individual Practice 2.D, Plaintiff requests leave to amend to address any claim the Court identifies as warranting additional detail.

Respectfully submitted,

Jimmy Wagner, Esq.

## CERTIFICATE OF SERVICE

I, Jimmy Wagner, hereby certify that on June 25, 2026, I electronically filed the

foregoing Response to Defendants' Request for Pre-Motion Conference with the Clerk of Court

via the Court's CM/ECF system to the following counsel for Defendants:

Gena B. Usenheimer, Esq.
Seyfarth Shaw LLP
620 Eighth Avenue
New York, New York  10018
gusenheimer@seyfarth.com.

The above-identified counsel was also served with a courtesy copy by email.

Jimmy Wagner, Esq.

5